IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40500

Summary Calendar

_____

In The Matter Of:   EAGLE BUS MANUFACTURING INC.; GREYHOUND LINES
INC.; TRAILWAYS COMMUTER TRANSIT INC.; BUSLEASE INC.; GLI BUS
OPERATION HOLDING CO.; GLI FOOD SERVICES; SOUTHERN GREYHOUND LINES
COMPANY; GLI HOLDING COMPANY; GREYHOUND TRAVEL SERVICES INC.;
EASTERN GREYHOUND; WESTERN GREYHOUND LINES CO.; CENTRAL GREYHOUND
LINES COMPANY,

Debtors.

_____

LARRY D. MIELL,

Appellant,

versus

EAGLE BUS MANUFACTURING INC.; GREYHOUND LINES INC.;
TRAILWAYS COMMUTER TRANSIT INC.; BUSLEASE INC.; GLI
BUS OPERATION HOLDING CO.; GLI FOOD SERVICES;
SOUTHERN GREYHOUND LINES COMPANY; GLI HOLDING
COMPANY; GREYHOUND TRAVEL SERVICES INC.; EASTERN
GREYHOUND; WESTERN GREYHOUND LINES CO.; CENTRAL
GREYHOUND LINES COMPANY,

Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(B-97-CV-251)

_____

October 27, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

The debtors in this case filed for Chapter 11 reorganization on June 4, 1990. The bankruptcy court confirmed their plan, which became effective October 31, 1991. The Confirmation Order discharged the debtors from any debt that arose before the confirmation date.

In 1994, appellant Miell commenced a class action in Minnesota state court against Greyhound, alleging breach of contract, misrepresentation, and promissory estoppel. The complaint alleged that in August 1990, Greyhound made known to its drivers (including Miell) that changes in its wage system would become effective in September 1990. Although these events occurred pre-confirmation, neither Miell nor any member of his class filed a proof of claim. After a voluntary dismissal, Miell re-filed the action in 1995, seeking only damages incurred post-confirmation. Greyhound removed the case to federal court.

At this point, Greyhound filed a motion in the bankruptcy court to enforce the injunctions contained in the Confirmation Order. The bankruptcy court granted the motion and enjoined the lawsuit. (The bankruptcy court's enforcement order has since become final.) Miell then moved the bankruptcy court for relief from the confirmation injunction. In his motion for relief he argued that he "does not have the financial resources to litigate his claims in

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

any foreign forum." The bankruptcy court denied the motion, and the district court affirmed.

Miell appeals to this court, making three arguments. First, he claims that the bankruptcy court lacks subject matter jurisdiction over his class action claims. Second, he argues that "equity in this matter weighs heavily in favor of ordering a remand to the State Court in Minnesota." Third, he argues that abstention by the bankruptcy court is appropriate because his claims arise under state law.

Regarding subject matter jurisdiction, Greyhound argues that Miell cannot challenge the jurisdiction of the bankruptcy court for two reasons: (1) the now-final bankruptcy court enforcement order held that jurisdiction exists, and this holding acts as res judicata, and (2) Miell consented to bankruptcy court jurisdiction by filing the motion for relief. We address only Greyhound's first argument. Although subject matter jurisdiction can be raised at any time in a proceeding, once it has been litigated and judgment becomes final, the determination of subject matter jurisdiction has res judicata effect.[1] Thus, Miell cannot challenge the bankruptcy court's subject matter jurisdiction to enter the enforcement order.

---

[1] *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982), *citing Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940), *and Stoll v. Gottlieb*, 305 U.S. 165 (1938).

Miell's request for remand to Minnesota state court is addressed to the wrong court. This court has no power over the removal of actions from Minnesota courts. This issue should be raised with the appropriate district court in Minnesota and, if necessary, appealed to the Eighth Circuit.

Finally, abstention was not raised by Miell in the bankruptcy court; Miell requested relief on the basis of the financial cost of an inconvenient forum. This argument cannot be made for the first time on appeal. In any case, section 28 U.S.C. § 1334(d) does not allow appeal from a refusal to abstain by the bankruptcy court under 28 U.S.C. § 1334(c)(1).[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] 28 U.S.C. § 1334(d) (2000). The exception in section 1334(d) for abstention under section 1334(c)(2) does not apply in this case, because diversity of the parties provides an independent basis for federal jurisdiction.